## JAS. BARCLAY & CO., Limited, v. BAILEY.

### No. 126.

District Court, E. D. Tennessee, S. D.

May 8, 1940.

C. W. K. Meacham and E. K. Meacham, both of Chattanooga, Tenn., for plaintiff.

B. B. Gullett, of Nashville, Tenn., and Frazier & Roberts, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

This case is before the Court on a motion by the plaintiff for a summary judgment.

The complaint seeks a judgment for an account held by the plaintiff against the defendant. The defendant does not deny the correctness of the account but interposes a counter-claim for damages based upon the breach of contract.

This contract is in writing and the question of summary judgment is to be determined on whether, upon its face, this contract is enforceable.

The gravamen of the contract is found in one paragraph thereof which provides as follows: "It is therefore agreed in terms of franchise that as long as the Distributor's purchases from the Distiller average five hundred cases (minimum) diversified Barclay Products for each calendar month, or a total of six thousand cases per year, during the terms of this contract, the Party of the First Part, as a consideration for this sales volume, is to appoint and does hereby appoint the Party of the Second Part to be and to remain the sole and exclusive distributor of its product in the territory allotted by the Party of the First Part, and, described in the map hereto attached, for a period of five years from the date of this contract."

After an intensive study of this provision of the contract, I am unable to see where the defendant has promised to do anything. She is not obligated to buy a single case or a single bottle of the plaintiff's products.

The element of mutuality is wanting. There are no reciprocal promises. While there is something to be done on the part of the plaintiff, there is nothing to be done on the part of the defendant.

It is elemental that such provisions are in reality no contract at all, and unenforceable, unless it appear that a contract of this nature is a grant of option or has been executed.

But to be an option there must be a showing of a valuable consideration. There does not appear to be any valuable consideration given by this defendant in this instrument. The defendant does not bind herself to pay the plaintiff anything by way of purchase of goods or otherwise. So the contract could not be considered a grant of an option.

It is insisted that the contract, so called, has been executed and therefore enforceable.

The contract ran from September 20, 1939, to some time in December, 1939. To this extent it was executed, but otherwise it remained entirely executory and as legally uncertain for its future fulfillment as it was at its inception.

It may be that the defendant entered into this arrangement in good faith, which makes me reluctant to have to unfavorably pass upon the validity of the alleged contract. But the fact that one party relies on the promise to his injury, or the other party gains an advantage therefrom, does not establish consideration without the element of bargain or agreed exchange.

For the reason stated, I am of the opinion that the alleged contract relied upon for the cross action is void and unenforceable as to all executory features.

But there is a counterclaim relative to certain alleged payments of taxes for which the defendant claims a credit arising under that portion of the alleged contract which has been executed. I think this is a proper claim under the contract and the case will have to go to proof, unless adjusted to settle this item.

This leaves the only issue in the case for settlement to be the question of whether or not the defendant is entitled to credit on the account for the amount of taxes alleged to have been paid.

Order accordingly.